UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | SACV 20-1035-RGK (KK) | Date: | June 16, 2020 |
|---|---|---|---|
| Title: | *Stephen S. Miller v. Director of Atascadero State Hospital* | | |

Present: The Honorable   KENLY KIYA KATO, UNITED STATES MAGISTRATE JUDGE

| DEB TAYLOR | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Petitioner: | Attorney(s) Present for Respondent: |
|---|---|
| None Present | None Present |

**Proceedings:** (In Chambers) Order To Show Cause Why Petition Should Not Be Summarily Dismissed As Second And Successive

## I.
## INTRODUCTION

On March 12, 2020, Stephen S. Miller ("Petitioner"), proceeding pro se and in forma pauperis, filed a First Amended Petition for Writ of Habeas Corpus by a Person in State Custody ("Petition") pursuant to 28 U.S.C. § 2254 in the Eastern District of California, challenging his 2007 conviction for first degree residential burglary and receiving stolen property. On June 8, 2020 the Petition was transferred to this Court. The Petition appears subject to dismissal because it is second and successive. The Court will not make a final determination regarding whether the Petition should be dismissed, however, without giving Petitioner an opportunity to address this issue.

## II.
## PROCEDURAL HISTORY

### A.  STATE COURT PROCEEDINGS

On December 18, 2007, Petitioner was convicted of first degree burglary and receipt of stolen property in Orange County Superior Court. See People v. Miller, No. G040452, 2009 WL 1710107, at *1 (Cal. Ct. App. June 18, 2009).[1] In addition, the jury found true an allegation that

---

[1] The Court takes judicial notice of Petitioner's prior proceedings in this Court and in the state courts. See In re Korean Air Lines Co., 642 F.3d 685, 689 n.1 (9th Cir. 2011).

Petitioner committed a violent felony by burglarizing an occupied residence in violation, and the trial court found true thirteen prior "strike" conviction allegations and five prior serious felony conviction allegations. Id. Petitioner was sentenced to a term of twenty-seven years in state prison. Id.

On June 18, 2009, the California Court of Appeal affirmed the conviction. Id. Petitioner then filed a petition for review with the California Supreme Court, and on August 26, 2009, the California Supreme Court denied the petition for review. California Courts, Appellate Courts Case Information (June 16, 8:59 AM) https://appellatecases.courtinfo.ca.gov/search/case/dockets.cfm?dist=0&doc_id=1912934&doc_no=S174382&request_token=NiIwLSEmXkw5WyBZSCJdTE1JQEQ0UDxfJCNeSzJTUCAgCg%3D%3D.

**B.     FEDERAL HABEAS PROCEEDINGS**

On April 8, 2010, Petitioner constructively filed[2] a habeas petition in this Court, (the "2010 Petition") alleging there was insufficient evidence to support the jury's finding that his first degree residential burglary conviction constituted a violent felony pursuant to section 667.5(c)(21) of the California Penal Code. See Stephen Shawn Miller v. Warden, Case No. SACV 10-0428 RGK (SS). On December 13, 2011, this Court denied the 2010 Petition on the merits and dismissed the action with prejudice. Id. at Dkt. 46.

On January 22, 2016, Petitioner constructively filed a habeas petition in the Southern District of California (the "Southern District Petition"), which was transferred to this Court on February 16, 2016. See Stephen S. Miller v. Raythel Fisher, Warden, Case No. SACV 16-286 RGK (SS). On January 29, 2016, Petitioner constructively filed a habeas petition in the Northern District of California (the "Northern District Petition"), which was transferred to this Court on May 26, 2016. See Stephen S. Miller v. District Court, et al., Case No. SACV 16-0975 RGK (SS). Both the Southern District and Northern District Petitions challenged the same conviction and sentence Petitioner had previously challenged in the 2010 Petition, claiming Petitioner's rights were violated because "4 out of [his] 5 prison priors were U.S. constitutionally illegal," and the "District Attorney illegally enhanced 4 priors on [Petitioner]." Miller v. Raythel Fisher, Warden, Case No. SACV 16-286 RGK (SS), dkt. 17.

On July 22, 2016, this Court denied both the Southern District Petition and the Northern District Petition without prejudice, finding both were second or successive to the 2010 Petition. Miller v. Raythel Fisher, Warden, Case No. SACV 16-286 RGK (SS), dkt. 18; Miller v. District Court, et al., Case No. SACV 16-0975 RGK (SS), dkt. 24.

On March 12, 2020, Petitioner constructively filed the instant Petition in the Eastern District of California. Dkt. 10. The Petition again appears to challenge Petitioner's 2007 conviction, claiming under "new laws" and "new propositions," Petitioner should be eligible for halftime credits

---

[2] Under the "mailbox rule," when a pro se prisoner gives prison authorities a pleading to mail to court, the Court deems the pleading constructively filed on the date it is signed. Roberts v. Marshall, 627 F.3d 768, 770 n.1 (9th Cir. 2010).

and to have his enhancements removed, and that his enhancements were "willfully and illegally obtained" because his attorney left the room at his sentencing.  Dkt. 10 at 4, 37-40.

    On June 8, 2020, the Petition was transferred to this Court.  Dkt. 27.

### III.
### DISCUSSION

    As a general rule, habeas petitioners may file only one habeas petition challenging their conviction or sentence.  See 28 U.S.C. § 2244(b)(1).  Hence, if a prior petition raised a claim that was adjudicated on the merits, a petitioner must "move in the appropriate court of appeals for an order authorizing the district court to consider the [second or successive petition]."  Id. § 2244(b)(3)(A); McNabb v. Yates, 576 F.3d 1028, 1029 (9th Cir. 2009); Goodrum v. Busby, 824 F.3d 1188, 1194 (9th Cir. 2016) ("As a general principle, . . . a petition will not be deemed second or successive unless, at a minimum, an earlier-filed petition has been finally adjudicated.").  Absent proper authorization from the court of appeals, district courts lack jurisdiction to consider second or successive petitions and must dismiss such petitions without prejudice to refiling if the petitioner obtains the necessary authorization.  Burton v. Stewart, 549 U.S. 147, 152-53, 127 S. Ct. 793, 166 L. Ed. 2d 628 (2007); Cooper v. Calderon, 274 F.3d 1270, 1274 (9th Cir. 2001) ("When the AEDPA is in play, the district court may not, in the absence of proper authorization from the court of appeals, consider a second or successive habeas application." (citation omitted)); 28 U.S.C. § 2244(b)(2).

    Here, the instant Petition challenges the same conviction that was challenged in the 2010 Petition, which was adjudicated on the merits.  See Miller, SACV 10-0428 RGK (SS), dkt. 46; McNabb, 576 F.3d at 1029 ("[T]he dismissal of a habeas petition as untimely constitutes a disposition on the merits . . . and a further petition challenging the same conviction would be 'second or successive' for purposes of 28 U.S.C. § 2244(b).").  The instant Petition is, therefore, second or successive to the 2010 Petition.  As Petitioner has not presented any documentation indicating the Ninth Circuit has issued "an order authorizing the district court to consider the application," the Court lacks jurisdiction over the claims, and the instant Petition is subject to dismissal.  28 U.S.C. § 2244(b)(3)(A).

### IV.
### ORDER

    Thus, the Court ORDERS Petitioner to respond **no later than July 16, 2020** by electing one of the following options:

    1.    File a written response explaining the Petition is not a second and successive petition or showing that the Ninth Circuit has authorized review of this Petition.  If Petitioner contends the Petition is not a second and successive petition, Petitioner should clearly explain this and attach any supporting documents showing that his claim is not second and successive to his prior claim; or

    2.    Voluntarily dismiss this action without prejudice.  Petitioner may request a voluntary dismissal of this action pursuant to Federal Rule of Civil Procedure 41(a).  **The Clerk of Court has attached A Notice of Dismissal form.**  However, the Court warns any dismissed claims may be later subject to the statute of limitations,

because "[a] 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2244(d)(1).

If Petitioner fails to demonstrate the Petition is not a second or successive petition, **or fails to respond by July 16, 2020**, the Court will dismiss the Petition without prejudice as a second and successive petition and/or for failure to prosecute and obey court orders. See Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED.**