UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEPHEN S. MILLER, | Case No. SACV 20-1035-RGK (KK) |
| Petitioner, | ORDER SUMMARILY DISMISSING ACTION WITHOUT PREJUDICE |
| v. | |
| DIRECTOR OF ATASCADERO STATE HOSPITAL, | |
| Respondent. | |

**I.**

**INTRODUCTION**

Petitioner Stephen S. Miller ("Petitioner"), proceeding pro se, filed a First Amended for Writ of Habeas Corpus by a Person in State Custody ("Petition") pursuant to 28 U.S.C. § 2254 in the Eastern District of California, which was transferred to this Court on June 8, 2020. Petitioner challenges his 2007 convictions for first degree residential burglary and receiving stolen property. The Court issued an Order to Show Cause Why Petition Should Not Be Summarily Dismissed As Second And Successive ("OSC"). Petitioner's responses to the OSC fail to cure the deficiencies identified by the Court. Hence, for the reasons discussed below, this Court dismisses the Petition without prejudice.

///

## II.

## <u>BACKGROUND</u>

**A.     STATE COURT PROCEEDINGS**

On December 18, 2007, Petitioner was convicted of first degree burglary and receipt of stolen property in Orange County Superior Court.  See People v. Miller, No. G040452, 2009 WL 1710107, at *1 (Cal. Ct. App. June 18, 2009).[1]  In addition, the jury found true an allegation that Petitioner committed a violent felony by burglarizing an occupied residence, and the trial court found true thirteen prior "strike" conviction allegations and five prior serious felony conviction allegations.  Id.  Petitioner was sentenced to a term of twenty-seven years in state prison.  Id.

On June 18, 2009, the California Court of Appeal affirmed the convictions.  Id.  Petitioner then filed a petition for review with the California Supreme Court, and on August 26, 2009, the California Supreme Court denied the petition for review.  California Courts, Appellate Courts Case Information, https://appellatecases.courtinfo.ca.gov/search/case/dockets.cfm?dist=0&doc_id=1912934&doc_no=S174382&request_token=NiIwLSEmXkw5WyBZSCJdTE1JQEQ0UDxfJCNeSzJTUCAgCg%3D%3D (last updated July 27, 2020 11:26 AM).

**B.     FEDERAL HABEAS PROCEEDINGS**

On April 8, 2010, Petitioner constructively filed[2] a habeas petition in this Court, (the "2010 Petition") challenging his 2007 convictions and alleging there was insufficient evidence to support the jury's finding that his first degree residential burglary conviction constituted a violent felony pursuant to section 667.5(c)(21) of the California Penal Code.  See Stephen Shawn Miller v. Warden, Case No. SACV 10-0428-RGK (SS), ECF Docket No. ("Dkt") 1.  On December 13, 2011, this Court

---

[1] The Court takes judicial notice of Petitioner's prior proceedings in this Court and in the state courts.  See In re Korean Air Lines Co., 642 F.3d 685, 689 n.1 (9th Cir. 2011).

[2] Under the "mailbox rule," when a <u>pro se</u> prisoner gives prison authorities a pleading to mail to court, the Court deems the pleading constructively filed on the date it is signed.  Roberts v. Marshall, 627 F.3d 768, 770 n.1 (9th Cir. 2010).

1    denied the 2010 Petition on the merits and dismissed the action with prejudice.  Id. at

2    Dkt. 46.

3          On January 22, 2016, Petitioner constructively filed a habeas petition in the

4    Southern District of California (the "Southern District Petition"), which was

5    transferred to this Court on February 16, 2016.  See Stephen S. Miller v. Raythel

6    Fisher, Warden, Case No. SACV 16-286-RGK (SS).

7          On January 29, 2016, Petitioner constructively filed a habeas petition in the

8    Northern District of California (the "Northern District Petition"), which was

9    transferred to this Court on May 26, 2016.  See Stephen S. Miller v. District Court, et

10   al., Case No. SACV 16-0975-RGK (SS).  Both the Southern District and Northern

11   District Petitions challenged the 2007 convictions previously challenged in the 2010

12   Petition, claiming Petitioner's rights were violated because "4 out of [his] 5 prison

13   priors were U.S. constitutionally illegal," and the "District Attorney illegally enhanced

14   4 priors on [Petitioner]."  Miller v. Raythel Fisher, Warden, Case No. SACV 16-286

15   RGK-(SS), dkt. 17.

16         On July 22, 2016, this Court denied both the Southern District Petition and the

17   Northern District Petition without prejudice, finding both were unauthorized second

18   or successive petitions.  Miller v. Raythel Fisher, Warden, Case No. SACV 16-286-

19   RGK (SS), dkt. 18; Miller v. District Court, et al., Case No. SACV 16-0975-RGK (SS),

20   dkt. 24.

21         On March 12, 2020, Petitioner constructively filed the instant Petition in the

22   Eastern District of California.  Dkt. 10.  The Petition again appears to challenge

23   Petitioner's 2007 convictions, claiming under "new laws" and "new propositions,"

24   Petitioner should be eligible for halftime credits and to have his enhancements

25   removed, and that his enhancements were "willfully and illegally obtained" because

26   his attorney left the room at his sentencing.  Id. at 4, 37-40.

27         On June 8, 2020, the Petition was transferred to this Court.  Dkt. 27.

28

1    On June 16, 2020, the Court issued the OSC as to why the Petition should not

2 be dismissed and instructed Petitioner to respond and explain why "the Petition is not

3 a second and successive petition or show[] that the Ninth Circuit has authorized

4 review of this Petition," or voluntarily dismiss the Petition.  Dkt. 30.

5    On June 19, 20, and 22, 2020, Petitioner constructively filed responses to the

6 OSC.  Dkts. 33, 34, 35.  In his responses, Petitioner appears to request the Court

7 dismiss "the second appeal but not the first appeal" and "dismiss[] [Petitioner's] prior

8 enhancements."  Dkt. 33.  Petitioner also claims he has "permission by the CA

9 Supreme Court, and the 9th Circuit Court" to file a petition.  Dkt. 34.

10    The matter thus stands submitted.

11                                              **III.**

12                   **THE PETITION IS SUBJECT TO DISMISSAL**

13                   **AS A SECOND OR SUCCESSIVE PETITION**

14    Habeas petitioners generally may file only one habeas petition challenging their

15 conviction or sentence.  See 28 U.S.C. § 2244(b)(1).  Hence, if a prior petition raised a

16 claim that was adjudicated on the merits, a petitioner must "move in the appropriate

17 court of appeals for an order authorizing the district court to consider the [second or

18 successive petition]."  Id. § 2244(b)(3)(A); McNabb v. Yates, 576 F.3d 1028, 1029 (9th

19 Cir. 2009); Goodrum v. Busby, 824 F.3d 1188, 1194 (9th Cir. 2016) ("As a general

20 principle, . . . a petition will not be deemed second or successive unless, at a

21 minimum, an earlier-filed petition has been finally adjudicated.").  Absent proper

22 authorization from the court of appeals, district courts lack jurisdiction to consider

23 second or successive petitions and must dismiss such petitions without prejudice to

24 refiling if the petitioner obtains the necessary authorization.  Burton v. Stewart, 549

25 U.S. 147, 152-53, 127 S. Ct. 793, 166 L. Ed. 2d 628 (2007); Cooper v. Calderon, 274

26 F.3d 1270, 1274 (9th Cir. 2001) ("When the AEDPA is in play, the district court may

27 not, in the absence of proper authorization from the court of appeals, consider a

28 second or successive habeas application." (citation omitted)); 28 U.S.C. § 2244(b)(2).

                                              4

1    Here, the instant Petition challenges the same 2007 convictions challenged in

2  the 2010 Petition, which was adjudicated on the merits.  See Miller, SACV 10-0428-

3  RGK (SS), dkt. 46.  The instant Petition is, therefore, second or successive to the

4  2010 Petition, despite Petitioner's argument that the Petition is based on "new laws"

5  and "new propositions" making Petitioner eligible for halftime credits and to have his

6  enhancements removed, dkt. 10 at 4, 37-40.  See Magwood v. Patterson, 561 U.S. 320,

7  335, 130 S. Ct. 2788, 177 L. Ed. 2d 592 (2010) (rejecting argument that a petition

8  raising intervening and retroactive case law, or newly discovered facts is not "second

9  and successive", even where "a petitioner cannot be said to have had a prior

10  opportunity to raise the claim").  In addition, while Petitioner claims he has

11  permission from the Ninth Circuit to file a petition, he fails to identify or submit any

12  documentation indicating the Ninth Circuit has actually issued "an order authorizing

13  the district court to consider the application."  See Haag v. LeGrand, No. 3:12-CV-

14  00594-MMD, 2013 WL 2096490, at *1 (D. Nev. May 14, 2013) ("Petitioner has not

15  presented this Court with proof that he has obtained leave to file a successive petition

16  from the Ninth Circuit Court of Appeals.").  Moreover, the Court's review of the

17  Petition and Petitioner's responses to the OSC does not suggest such authorization

18  has, in fact, been granted.  Hence, the Court lacks jurisdiction, and the Petition must

19  be dismissed.  28 U.S.C. § 2244(b)(3)(A).

20  ///

21  ///

22  ///

23  ///

24  ///

25  ///

26  ///

27  ///

28  ///

**IV.**

**ORDER**

IT IS THEREFORE ORDERED that Judgment be entered dismissing this action without prejudice.

Dated: July 31, 2020

HONORABLE R. GARY KLAUSNER
United States District Judge

Presented by:

KENLY KIYA KATO
United States Magistrate Judge

6